UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN LANDI and LORI LANDI,
Husband

       Plaintiffs,

v.                                             Case No.: 2:17-cv-701-FtM-38MRM

HOME DEPOT USA, INC. and
MAKITA USA, INC.,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Defendants Home Depot USA, Inc.'s and Makita USA, Inc.'s Motions to Strike Claims Disposed of by This Court's Prior Rulings and/or Which Have Been Abandoned by Plaintiffs (Doc. 117 at 15; Doc. 118 at 15), Plaintiffs John and Lori Landis' response (Doc. 121), Plaintiffs' Motions to Strike Defendants' Affirmative Defenses (Doc. 122; Doc. 123), and Defendants' responses (Doc. 125; Doc. 126).

In this products liability case, John and Lori Landi seek damages for an injury caused by an allegedly defective Makita miter saw. John Landi was using the saw to cut crown molding when his arm was pulled into the path of the blade. Landi blames a design flaw that prevented the blade guard from covering the exposed teeth of the blade during

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

use. Defendants contend that Landi caused the injury by operating the saw without certain attachments and without heed to the warnings accompanying the saw.

The Landis' Second Amended Complaint asserted 22 counts. (Doc. 56). The Court dismissed Makita Corporation for want of personal jurisdiction, granted Defendants summary judgment on eight of the remaining claims, and ordered Plaintiffs to file a third amended complaint, asserting only the surviving claims. The Court cautioned, "The purpose of a third amended complaint is to streamline the pleadings for trial. The Court is not granting Plaintiffs leave to assert facts or legal theories not pled in the Second Amended Complaint." (Doc. 109 at 15 n.3). Plaintiffs' Third Amended Complaint (Doc. 115) includes only the eight surviving counts, but Plaintiffs moved some paragraphs from the dismissed claims into the "Factual Background" section of the complaint and incorporated them into the remaining claims by reference. In their answers to the Third Amended Complaint, Defendants move to strike those paragraphs, all factual allegations that relate to Makita Corporation, and Plaintiffs' claim for punitive damages, and they raise 18 affirmative defenses. Plaintiffs, in turn, move to strike 10 of those affirmative defenses.

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike should be used "to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters," not "to procure the dismissal of all or part of a complaint." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). Granting a motion to strike is a drastic remedy disfavored by the courts. *Id*. Courts will only strike affirmative defenses that are patently frivolous or

clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

It makes little sense to strike anything from the pleadings now. The discovery period is over, the Court has decided all dispositive motions, and the parties are set to try the case in a few months. There is virtually no risk that the parties will waste resources on "unnecessary forays into immaterial matters." *Blake*, 318 F.R.D. at 700. What is more, everything the parties want stricken was pled in earlier pleadings. The fact that no one filed 12(f) motions until now betrays any argument that the matters are inherently prejudicial or so irrelevant they should be stricken. The true goals behind the parties' motions to strike are likely (1) to limit what the other side can talk about during trial and (2) affect how the Court instructs the jury. Motions *in limine* are better suited to the first task, and the parties have indeed filed motions *in limine* that overlap with the motions to strike. The parties have also submitted proposed jury instructions, verdict forms, and objections, which the Court will take up at the proper time.

Accordingly, it is now **ORDERED:**

(1) Defendants Home Depot USA, Inc.'s and Makita USA, Inc.'s Motions to Strike Claims Disposed of by This Court's Prior Rulings and/or Which Have Been Abandoned by Plaintiffs (Doc. 117 at 15; Doc. 118 at 15) are **DENIED**.

(2) Plaintiffs' Motions to Strike Defendants' Affirmative Defenses (Doc. 122; Doc. 123) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record