UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN LANDI and LORI LANDI,
(husband and wife),

    Plaintiffs,

vs.                                    CASE NO. 2:17-cv-00701-SPC-MRM

MAKITA USA, INC. and
HOME DEPOT USA, INC.;

    Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
IN *LIMINE* TO EXCLUDE EVIDENCE RELATING TO ALLEGED VIOLATIONS
OF OSHA REGULATIONS (D.E. 129) AND SUPPORTING MEMORANDUM OF LAW**

Defendants assert that evidence of their violation of safety standards in Occupational Safety and Health Standards ("OSHA") should not be presented to the jury. To support this assertion, Makita and Home Depot, (collectively, "Defendants") presents a two-part argument:

1. OSHA standards do not apply to the Defendants' saw as they apply only to employers – not to manufacturers, distributors, and/or retailers of goods: and,
2. OSHA standards would confuse and mislead the jury.

The motion in *limine* on this issue is without merit and should be denied.

### I.    MOTION *IN LIMINE* STANDARD

The purpose of a motion *in limine* is to give the trial judge notice of the movant's position to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Stewart v. Hooters of America, Inc.,* No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44056, 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007). Motions *in limine* are disfavored, therefore, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to

allow questions of foundation, relevancy, and prejudice to be resolved in context. *Amegy Bank Nat. Ass'n v. DB Priv. Wealth Mortg., Ltd.,* No. 2:12-CV-243-FTM-38CM, 2014 U.S. Dist. LEXIS 22734, 2014 WL 791505, at *1 (M.D. Fla. Feb. 24, 2014).

## II. EVIDENCE OF A RECOMMENDED STANDARD

Evidence of recommended industry practices is relevant to the determination of the applicable standard of care and may be admitted to assist the jury in deciding the issue of negligence. Restatement (Second) of Torts § 295A. OSHA regulations are admissible to establish a standard of care. *Dixon v. International Harvester Co.*, 754 F.2d 573, 582 (5th Cir. 1985). Such standards and expert testimony based on ANSI/OSHA and other standards is admissible. *Rolick v. Collins Pine Co.*, 975 F.2d 1009, 1012-13 (3d Cir. 1992) (denial of admission of ANSI/OSHA standards and expert testimony based thereon was not harmless error and was therefore reversed); *Comardelle v. Sears, Roebuck & Co.*, 1996 U.S. Dist. LEXIS 3756, *3 (EDLA 1996) (McNamara, denying motion in limine); *Miller v. Chicago and North Western Transportation Company*, 925 F.Supp. 583 ND Ill. 1996) (motion in limine to exclude OSHA, ANSI, and other codes and expert testimony based thereon denied); *Galjour v. General American Tank Car Corp.*, 1991 U.S. Dist. LEXIS 8775 (E. [*4] D. La. June 24, 1991) (Mentz); *Lee v. Central Gulf Towing, L.L.C.*, No. 04-1497) (E.D. La. 8/1/2005) (Duval).

The motion in *limine* on this issue is without merit and should be denied.

1. **Evidence Relating to OSHA Standard is Relevant to Demonstrate Notice of Industry Standards and Practice and Not as a Basis for Private Right of Action**
(*Responding to D.E. 129* pp. 6 - 8)

Rule 401 of the Federal Rules of Evidence defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Defendants' cite *Sunbom v. Erik Riebling Co.,* No 89 Civ. 4660 (S.D.N.Y Aug. 28, 1990) in support of their argument that Plaintiff's expert should be precluded from introducing evidence of OSHA regulations against manufacturers and others in product liability actions. *D.E.* 129, p. 6. However, *Sunbowm* holds, "[t]he majority of courts that have discussed this issue, have found that § 653 was **intended only to make clear that OSHA could not be used as a basis for a private right of action against employers** . . . Those cases also hold that **OSHA regulations do set out a standard of care that is relevant in a common law negligence action**." *Emphasis added.*

Plaintiffs agree with Defendants, that OSHA regulations apply only to employers. Nevertheless, many federal courts have concluded that OSHA regulations may be probative of a manufacturer's standard of care in negligence suits. *See Hagans v. Oliver Machinery Co.*, 576 F.2d 97, 103 (5th Cir. 1978) (noting manufacturer's compliance with OSHA safety regulations as evidence that manufacturer exceeded industry safety practices and associational and national safety standards); *see also Bailey v. V&O Press Co.*, 770 F.2d 601, 609 n.5 (6th Cir. 1985) (noting that OSHA standards may be relevant evidence of manufacturer's standard of care); *Comardelle v. Sears, Roebuck & Co.*, No. Civ. A. 95-1371, 1996 U.S. Dist. LEXIS 3756, 1996 WL 63100, at *2 (E. D. La. Feb. 14, 1996) (holding that OSHA regulations are relevant evidence of industry practice and standard of care). Further, under Georgia law, "'[e]xpert testimony as to the practices of an industry is admissible' … as is expert testimony 'as to whether a particular condition is safe or unsafe.'" (*Gilbert v. CSX Transp., Inc.*, 197 Ga. App. 29, 31, 397 S.E.2d 447, 449 (1990) (citations omitted).

All machines consist of three fundamental areas: (1) the point of operation, (2) the power transmission device, and (3) the operating controls. Despite all machines having the same basic components, their safeguarding needs widely differ due to varying physical characteristics and

operator involvement. Plaintiffs would seek to offer the the general safety requirements for machinery set forth by OSHA, the motions and actions that contribute to different machine hazards, and additional considerations that entail overall machine and operator safety, it is irrelevant that Defendants are not Plaintiff John Landi's employer. Defendants' miter saw is sold to operators who might utilize the power tool during the course of their employment.

OSHA acknowledges that many manufacturers (to promote marketing) self-certify their products as meeting OSHA standards. Makita's position is contrary to its own publicly available documents. Makita has a "OSHA Compliance Catalog" which is no way relates to its' "employment of a vast, undefined class of potential purchaser/operators", rather, it is for the very same principle Plaintiffs seek to potentially offer the existence of various OSHA safety standards, that of notice and/or compliance with such safety standards, that Makita, as the designer, manufacturer, distributor, marketer and/or seller, considers when designing products, including the Makita Miter Saw. As an example, of Makita's "compliance" with OSHA standards:



In this publicly available marketing material, Makita highlights the application Plaintiffs seek to introduce OSHA standards for, "reliance on objective data from Makita®" . . . as "tested by Makita". Again, this goes to the heart of Defendants' knowledge at the time of design,

manufacture, testing, marketing, distribution, and sale, to the ordinary consumer, Plaintiff John Landi, who did utilize the Makita Miter Saw within the course and scope of his business. Further, this document was located on Defendant Home Depot USA's website: https://images.homedepot-static.com/catalog/pdfImages/38/3846163f-370e-4cf0-a56c-a606362b42f1.pdf (last visited, November 5, 2019).



Makita also developed an Application ("App") for "OSHA Compliant Systems" that "allows users to filter their search by trade, concrete application, tool category, or even by model number for a specific Makita tool or vacuum."



**GENERAL CONSTRUCTION EQUIPMENT**     Home > Products > General Construction Equipment > Makita App for OSHA Compliant Systems

Posted on: May 08, 2018   0   Like

## MAKITA APP FOR OSHA COMPLIANT SYSTEMS

Makita's app allows users to filter their search by trade, concrete application, tool category, or even by model number for a specific Makita tool or vacuum.

Search results give users a clear picture of OSHA-compliant solutions based on their defined needs with images and descriptions of all elements from the tool to the vacuum, and every hose, adaptor and attachment. It also clearly indicates the Option 1 (Specified Exposure Control Methods) or Option 2 (Performance Option) compliance with the Respirable Crystilline Silica Rule 29 CFR 1926.1153. Where applicable, search results include links to download Option 2 Objective Data.

Makita

More General Construction Products

https://www.concreteconstruction.net/products/general-construction-equipment/makita-app-for-osha-compliant-systems_o (website last visited, 11/5/2019).

In yet another form of public media, Makita posts YouTube Videos regarding OSHA compliance from the standpoint of the specific design characteristics of their power tools, including the Makita Miter Saw. https://www.youtube.com/watch?v=V4HvEcrJQc8

In *Comardelle v. Sears, Roebuck & Co.*, No. Civ. A. 95-1371, 1996 U.S. Dist. LEXIS 3756, Defendants, retailer and manufacturer of a compound miter saw, filed a motion to exclude evidence of Occupational Safety and Health Act (OSHA) regulations in a personal injury action filed by

plaintiffs, consumer and his wife. On the same basis argued by Defendants here, the retailer and manufacturer defendants sought exclusion on the basis:

> Defendants now seek to have this court exclude evidence, expert or otherwise, concerning OSHA and ANSI 01.1 "because they are workplace standards, and not design standards." (Defendants' Memo., p. 1). Here, Plaintiff allegedly injured his hand while using the miter saw at home, not at work.

*Comardelle*, 1996 U.S. Dist. LEXIS 3756, at *2 (E.D. La. Feb. 14, 1996). The Court held, that OSHA regulations are **relevant evidence of industry practice and standard of care, regardless of the fact that this case arises in the consumer context rather than the employment context.** *Emphasis added, Id.* Further explaining, "notwithstanding the absence of an employer-employee relationship, OSHA and ANSI standards could be offered as relevant evidence of a defendant's negligence as opposed to negligence per se." *Id. citing, Melerine*, 659 F.2d at 713 n. 22 (plaintiff used OSHA regulations and ANSI standard "only as evidence of negligence, which the trier of fact 'may accept or reject as it sees fit'"); see also, *Jordan v. Kelly-Springfield Tire & Rubber Co.*, 624 F.2d 674, 676 n. 1 (5th Cir. 1980) (compliance with safety standard is only some evidence that defendant satisfied the required standard of care).

To the extent Plaintiffs seek to introduce evidence regarding the OSHA Regulations and Standards, they would do so to offer expert testimony as evidence of industry standards, customs and notice. Plaintiffs do not intend to offer these standards suggesting non-compliance with the regulations and standards is conclusive as to liability. *Long v. Amada Mfg. Am.*, No. 1:02-CV-1235, 2004 U.S. Dist. LEXIS 30708, at *45 (N.D. Ga. Mar. 31, 2004). Further, while evidence of non-compliance with the subject OSHA regulations is not conclusive of defendant's liability, it is up to the trier of fact to weigh this evidence, with all the other evidence presented at Trial, in ultimately determining whether or not a Defendant is liable. *Comardelle v. Sears, Roebuck & Co.,* 1996 U.S. Dist. LEXIS 3756, at *4 (E.D. La. Feb. 14, 1996).

**2.     Evidence Relating to OSHA Standards Is Relevant to the Determination of the Applicable Standard of Care and May be Admitted to Assist the Jury in Deciding the issue of Negligence.**
(*Responding to D.E. 129,* pp. 8 - 9)

All relevant evidence, defined as that tending to prove or disprove a material fact, is admissible unless otherwise provided by law. Fed. R. Evid. 401 and 402, *Gosciminski v. State*, 132 So. 3d 678, 698-699 (Fla. 2013). Admissibility of evidence is within the sound discretion of the trial court, and the trial court's determination will not be disturbed on appellate review absent a clear abuse of that discretion. *Id., citing Hildwin v. State*, 951 So. 2d 784 (Fla. 2006); *Ray v. State*, 755 So. 2d 604 (Fla. 2000). The law favors admissibility, and a large measure of discretion rests with the trial court when determining whether the probative value of a piece of evidence is substantially outweighed by a reason enumerated in Fed. R. Evid. 403. Mere prejudice will not exclude evidence under Fed. R. Evid. 403, rather, only evidence unfairly prejudicial and directed for an improper purpose, should be excluded.

### III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion *in limine* be DENIED in its entirety or defer the ruling until the time the information at issue is introduced into evidence.

Respectfully submitted this 11th day of November 2019.

**OSBORNE & FRANCIS LAW FIRM, PLLC**
Joseph A. Osborne, Esquire
433 Plaza Real, Suite 271
Boca Raton, FL 33432
TEL: (561) 293-2600
FAX: (561) 923-8100

By: */s/ Joseph A. Osborne*
Joseph A. Osborne, Esquire
Florida Bar No.: 880043

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of November 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

*/s/ Joseph A. Osborne*
Joseph A. Osborne, Esq.
Florida Bar No.: 880043