UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN LANDI and LORI LANDI,
Husband

      Plaintiffs,

v.                              Case No.:  2:17-cv-701-FtM-38MRM

HOME DEPOT USA, INC. and
MAKITA USA, INC.,

      Defendants.
_____/

**OPINION AND ORDER**[1]

     Before the Court is Defendants Makita USA, Inc. and Home Depot USA, Inc.'s Motion for Entry of Final Judgment (Doc. 202), requesting entry of a judgment they prepared.  Defendants' proposed judgment differs from the Amended Judgment previously entered by the Clerk in two notable ways.  First, it provides for accrual of interest on both attorneys' fees and costs from entry of the original judgment.  The current judgment only addresses interest accrued on the taxed costs.  Second, the proposed judgment reserves jurisdiction to enter further orders.

     This personal injury case was tried before a jury, which returned a verdict for Defendants on January 13, 2020.  The Clerk entered judgment the next day.  Defendants then moved for attorneys' fees under Fla. Stat. § 768.79 and costs under 28 U.S.C. § 1920.  The Court awarded attorneys' fees and allowed taxation of some costs.  (Doc.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

199).  And it ordered that interest accrue on the costs—but not attorneys' fees—from January 14, 2020.  Defendants argue interest should have accrued on the entire judgment under Fla. Stat. § 55.03(2).  But federal courts apply 28 U.S.C. § 1961 when awarding post-judgment interest.  *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985).

Under federal law, interest accrues on costs from the date of the original judgment, *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994), but attorneys' fees generally accrue interest from the date the Court awards them, *Mock v. Bell Helicopter Texton, Inc.*, Case No. 6:04-cv-1415-Orl-28DAB, 2010 WL 11591816 (M.D. Fla. Nov. 18, 2010).[2]  And since post-judgment interest automatically accrues under 28 U.S.C. § 1961, the Court and the judgment need not mention it.  *Nat. Fire Ins. Co. of Hartford v. Fortune Const. Co.*, 233 F. App'x 890, 895 (11th Cir. 2007) ("That the judgment of the district court did not address postjudgment interest is of no consequence.").

The judgment likewise need not explicitly retain jurisdiction.  Federal district courts have ancillary jurisdiction over supplementary proceedings (like attachment and garnishment) to effectuate its judgments.  *Nat. Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015).

Accordingly, it is now

**ORDERED:**

Defendants Makita USA, Inc. and Home Depot USA, Inc.'s Motion for Entry of Final Judgment (Doc. 202) is **DENIED**.

---

[2] There is an exception.  Some circuits allow accrual of interest on attorneys' fee from the original judgment if the prevailing party is unconditionally entitled to such fees by statutory right.  *Mock*, 2010 WL 11591816, at *3.  But that is not the case here.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record